MARSHA JONES MOUTRIE, City Attorney
CAROL ANN ROHR, Deputy City Attorney
Bar No. 90012
carol.rohr@smgov.net
1685 Main Street, Room 310
Santa Monica, California 90401
Telephone: (310) 458-8335
Facsimile: (310) 451-5862

Attorneys for Defendants
CITY OF SANTA MONICA, ERIC PILLOR, MATTHEW RICE,
SCOTT McGEE, LOUIS MARIONI, LOWELL WATSON,
SCOTT McGOWAN, SGT. RUDY CAMERENA, and,
TITTUS MENDEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLAN CORTES,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF SANTA MONICA, Scott McGowan, #3582, Sgt. Rudy Camarena #2914, Lowell Watson #3514, Louis Marioni #3468, Scott McGee #3567 #3567, Mathew Rice #3366 and Downtown Service Officers (DSO) Eric Pillory #3617 and Tittus Mendez #3724, individually and as a peace officers, DOES 1-10,<br><br>      Defendants. | CASE NO.: CV12-09408-GAF(PJWx)<br><br>Honorable Gary A. Feess,<br>Roybal Bldg. Ctrm. 740<br><br>**STIPULATED PROTECTIVE ORDER;**<br>[~~PROPOSED~~] ORDER THEREON ~~FILED CONCURRENTLY~~ *PJW* |

*[Handwritten annotation:] This protective does not authorize the parties to file documents under seal. The parties shall comply w/ Rule 79-5 if they wish to file documents under seal. PJW*

## I. INTRODUCTION

Plaintiff DOLAN CORTES, and defendants CITY OF SANTA MONICA, OFFICERS SCOTT McGOWAN, LOWELL WATSON, LOUIS MARIONI, SCOTT McGEE, MATTHEW RICE, SGT. RUDY CAMARENA, DSO'S ERIC PILLORY and TITTUS MENDEZ hereby stipulate and agree as follows:

The defendants and/or plaintiff will disclose documents and/or discovery requests have or will be served that require Defendants and/or plaintiff to disclose confidential information. The following procedures shall be employed and the terms, conditions, and restrictions shall govern with respect to all applicable documents

disclosed under Fed.R.Civ.P. 26(a)(1) and discovery propounded by any party to this case, including all summaries, copies, abstracts, extracts and/or other documents pertaining to this case and the information contained therein which shall be designated as CONFIDENTIAL, as well as any summaries, copies, abstracts, extracts and/or other documents derived in whole or in part from the material designated as CONFIDENTIAL (hereinafter "Confidential Material"):

    (a)    Any party or other person producing information in this case may, in good faith, designate information as CONFIDENTIAL. Confidential Material is any information produced in connection with this litigation that the producing party reasonably believes is information that has not been, and should not be, made public, and includes, but not limited to, confidential, private, medical or proprietary information, the disclosure of which would constitute either (1) an invasion of the privacy of any party or non-party to this action; (2) a potential for harm to the Santa Monica Police Department's internal investigatory system; and/or (3) a potential for harm to significant governmental interests. At the time of production or other disclosure of such CONFIDENTIAL information, the producing party or other person shall designate such material by placing the word or words CONFIDENTIAL or "Confidential Material subject to Protective Order" on each such document or other material, or if it is not possible to do so label the material, by means of such other designation as will identify the CONFIDENTIAL information with sufficient specificity to permit counsel to adhere to the provisions of this Protective Order.

    (b)    The designation of information as CONFIDENTIAL shall not be considered conclusive or binding on any party, and such designation may be contested by noticed motion at any time. However, unless and until an order of this Court sets aside a designation of CONFIDENTIAL, all documents and information so designated shall be treated as CONFIDENTIAL, pursuant to the terms of this Protective Order. If any party who receives CONFIDENTIAL information is served with a subpoena or other request seeking documents containing CONFIDENTIAL information, he/she

1  shall immediately give written notice to counsel for the party that disclosed the
2  CONFIDENTIAL information, identifying the CONFIDENTIAL information sought
3  and the time in which production or other disclosure is required, and shall object to the
4  request or subpoena on the grounds of this Order so as to afford the party that
5  disclosed the CONFIDENTIAL information an opportunity to obtain an Order barring
6  production or other disclosure, or to otherwise respond to the subpoena or other
7  request for production or disclosure of documents containing CONFIDENTIAL
8  information. In no event should production or disclosure be made without written
9  approval by the party that disclosed the CONFIDENTIAL information unless required
10 by Court order, of which the party disclosing the CONFIDENTIAL information has
11 been given prior notice, arising from a motion to compel production or disclosure of
12 documents containing CONFIDENTIAL information.
13     (c)   Any CONFIDENTIAL information that is produced pursuant to this
14 Stipulation may be produced only to counsel of record for the parties in this litigation.
15 Counsel for any party who obtains any CONFIDENTIAL information from any other
16 party shall protect it and its contents from all disclosure to anyone save the persons
17 designated in this paragraph. CONFIDENTIAL material and information derived
18 from CONFIDENTIAL material shall be used only as reasonably necessary for
19 preparation of mediation briefs, arbitration briefs and/or trial of this action, including
20 use at depositions and in support of motions as further set forth in this Stipulation,
21 and, including any appeal or retrial, and shall not be used for any other purpose,
22 including, without limitation, any other litigation or proceeding, or any business, or
23 governmental purpose or function. Counsel of record may disclose CONFIDENTIAL
24 information where necessary to the proper preparation for, and trial of, this case to:
25     (i)   their employees, including paralegal, clerical and secretarial staff, as well
26 as contract staff;
27     (ii)  experts and consultants retained only for the purpose of aiding counsel of
28 record in connection with counsel's preparation for trial, including the use at

depositions, and in support of motions and Rule 26 Declarations;

  (iii) individuals testifying under oath at deposition in this action[1];

  (iv) a party, or officer, director or employee of a party to this action, deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

  (v) the Court and members of its staff, including stenographic and other reporters; or

  (vi) court reporters employed by counsel in this action.

  (d) Each person identified in subparagraphs (i) through (vi) above, excluding the Court and its staff, shall, before s/he receives CONFIDENTIAL information, be provided by the person furnishing him with such information a copy of this order and agree in writing to be bound by its terms, and shall certify that s/he has carefully read the order and fully understands its terms. Such person also must consent in writing to be subject to the jurisdiction of this court with respect to any proceeding relating to enforcement of this order. An agreement incorporating these terms shall be prepared and agreed to by the parties and executed by the person before receiving the CONFIDENTIAL information. The executed agreement shall be made a part of the deposition transcript when it is executed by a deponent.

  (e) Whenever any CONFIDENTIAL information is introduced or used at a deposition, those portions of the deposition that concern CONFIDENTIAL information (i) shall be conducted in such a way that only persons authorized by the Protective Order to have access to such matters are present; and (ii) shall be separately

---

[1] In the event a party intends to question a deponent at deposition about CONFIDENTIAL Material, the party noticing the Deposition shall include a statement of such intent in the Notice of Deposition and shall describe the CONFIDENTIAL Material to be disclosed to the deponent at the deposition in sufficient time for the opposing party to seek a protective order. If the non-noticing party desires to question a deponent at deposition about CONFIDENTIAL Material, that party must advise the noticing party of such intent, and shall describe the CONFIDENTIAL Material to be disclosed to the deponent at the deposition in sufficient time for the noticing party to seek a protective order. The parties shall meet and confer in good faith in an effort to resolve all disputes regarding CONFIDENTIAL Material in an effort to avoid the necessity for Court intervention.

STIPULATED PROTECTIVE ORDER 12-4-13.DOC

1  bound after transcription and marked as CONFIDENTIAL, and then shall be deemed
2  to be subject to the terms of the Protective Order. For convenience, if a deposition
3  transcript contains repeated references to CONFIDENTIAL material that cannot
4  conveniently be segregated from non-CONFIDENTIAL material, any party may
5  request that the entire transcript or exhibits be maintained by the reporter as
6  CONFIDENTIAL.

7      (f)    If a party wishes to file with the court documents which contain
8  information designated as CONFIDENTIAL, that party shall notify the party
9  disclosing the CONFIDENTIAL information, in writing, via personal delivery and/or
10 fax, at least 10 court days prior to filing any pleadings, motions, briefs, declarations,
11 stipulations, exhibits or other written submissions (collectively "papers") with this
12 Court, which contain, reflect, incorporate or refer to CONFIDENTIAL
13 INFORMATION, in order to allow the party disclosing the CONFIDENTIAL
14 information, to make a written application to seal the subject material. Pending a
15 ruling on the application, the "papers" are to be filed consistent with Local Rule 79-
16 5.1. The parties agree to cooperate to the extent possible to expedite the ruling on any
17 such application.

18     (g)    Failure of counsel to designate testimony or exhibits as
19 CONFIDENTIAL at deposition shall not constitute a waiver of the confidentiality of
20 the testimony or exhibits. Upon receipt of the transcript of the deposition, counsel
21 shall be entitled to designate specific pages and lines of the transcript or exhibits as
22 CONFIDENTIAL; however, any other party shall be entitled to treat the transcript or
23 exhibits as non-CONFIDENTIAL material until such time as the CONFIDENTIAL
24 designation is made.

25     (h)    Discovering counsel may show CONFIDENTIAL material to a deponent
26 at a deposition and examine that deponent concerning same, subject to the provisions
27 of paragraph(c)(iii). Examining counsel will, at the outset of the deposition, inquire as
28 to whether the deponent agrees to be bound by the terms of this Protective Order. If

1  the deponent does not agree, the CONFIDENTIAL material shall not be disclosed to
2  the deponent. If the deponent agrees to be bound by the terms of the Protective Order
3  and executes the agreement referred to in I (d) above, the reporter shall be instructed
4  to give the deponent written notice when the transcript has been prepared, stating that
5  the deponent may inspect the transcript and its exhibits, including the
6  CONFIDENTIAL material, in the reporter's office. If the original deposition
7  transcript is not signed within thirty (30) days after the date of the notice, it will be
8  used as if it is signed. The deponent shall not be furnished with a copy of the portions
9  of the deposition transcript or exhibits that have been designated as CONFIDENTIAL.
10 Alternatively, counsel for the parties who have executed this Protective Order, or their
11 authorized representatives, may make other arrangements for the review and signing
12 of a deposition in this matter that uphold the stipulations herein and protect the
13 confidentiality of the CONFIDENTIAL MATERIAL provided pursuant to this
14 Protective Order. Furthermore, any audiotape and/or videotape of any such deposition
15 shall be subject to this Order.

16     (i)   If any CONFIDENTIAL material is provided to a discovering party
17 without being marked as CONFIDENTIAL, the failure to mark the material shall not
18 be deemed a waiver of its confidentiality. Until the material is designated as
19 CONFIDENTIAL by the producing party, however, the discovering party shall be
20 entitled to treat the material as non-CONFIDENTIAL. Upon designation, such
21 material shall be treated as CONFIDENTIAL in accordance with the provisions of this
22 Protective Order.

23     (j)   This Stipulation for Protective Order shall survive the final termination of
24 this action, to the extent that the information contained in CONFIDENTIAL Material
25 is not or does not become known to the public, and the Court shall retain jurisdiction
26 to resolve any dispute concerning the use of information disclosed hereunder. Within
27 thirty (30) days after the final settlement or conclusion of this action, discovering
28 counsel shall return to producing counsel all CONFIDENTIAL documents including,

without limitation, depositions and trial, hearing, or other transcripts containing information designated as CONFIDENTIAL, as well as all copies, and shall return or destroy any extracts, summaries, or material derived from the information. In addition, the parties agree to cooperate in obtaining from the Clerk of this Court all documents, transcripts, exhibits and any other materials containing information designated as CONFIDENTIAL that have been filed with this Court and securing their return to producing party or destroying them as set forth above.

(k) This Stipulation for Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party of the absence thereof. Further, nothing in this Order shall constitute a waiver by any party of any applicable privilege or other protection, nor shall this Order or the production of the documents in question be construed so as to make any document or other material described herein admissible in any proceeding before this or any other court. Nothing in this Order shall prejudice any parties' rights to object to the introduction of any CONFIDENTIAL information into evidence, on grounds, including, but not limited to, relevance and privilege.

(l) Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings in this Court which could entail the discussion or disclosure of CONFIDENTIAL documents, be heard by the Court outside the presence of all individuals, including the jury, except for those individuals indicated in paragraph I (c)(i) through (vi) above.

II. STATEMENT OF GOOD CAUSE

(m) Pursuant to the [proposed] protective order herein, defendant, the City of

Santa Monica, ("DISCLOSING PARTY") contends that the below listed confidential material related to underlying incident of September 30, 2011, involving the arrest of plaintiff, which plaintiff seeks, is subject to various protections, including, but not limited to, Governmental Privilege, the Official Information Privilege, and also the privilege of critical self-examination/analysis and/or the deliberative process privilege, Evidence Code § § 1040, et seq., Penal Code § § 146e, 832.5, 832.7, 832.8, and Government Code § § 3300, et seq. and 6254. Further, such material also contains private and confidential information including private and confidential third-party information.

(n) Such CONFIDENTIAL material kept by DISCLOSING PARTY are governmental documents that contain official information. Such CONFIDENTIAL material has been maintained by the DISCLOSING PARTY in confidence and contains sensitive and private information.

(o) The DISCLOSING PARTY is extremely concerned that dissemination of subject information, documents, and materials related to the incident, relevant personnel, and other confidential internal investigations could compromise the efficacy of such undertakings in the future and act to discourage cooperation from the public. Further, disclosure of which without a protective order may compromise the safety of the subject peace officers and their families and third parties.

(p) In light of the aforementioned facts, and given the strong public policies in favor of encouraging witnesses to cooperate in investigations, protecting those who assist in investigations, protecting society's interests in investigating such incidents, it is necessary and proper to enter into an order carefully limiting the use and dissemination of the information, documents, and materials that are the subject of this Stipulation. In order to informally resolve this matter, the Parties have agreed to this stipulated protective order.

III. THE CONFIDENTIAL MATERIALS

(q) This Order, based upon the assertions and stipulations herein, shall apply to

protect from unauthorized disclosure the following CONFIDENTIAL information, which will be provided to plaintiff as CONFIDENTIAL material after the parties have executed the instant Stipulated Protective Order and the Court has thereafter signed the [Proposed] Order thereon.

1. Recorded I.A interview and transcript of plaintiff, Dolan Cortes
2. Recorded I.A. interview and transcript of Sergeant Rudy Camarena
3. Recorded I.A. interview and transcript of Officer Scott McGee
4. Recorded I.A. interview and transcript of Officer Lowell Watson
5. Recorded I.A. interview and transcript of Officer Louis Marioni (1)
6. Recorded I.A. interview and transcript of Officer Louis Marioni (2)
7. Recorded I.A. interview and transcript of Officer Matt Rice
8. Recorded I.A. interview and transcript of DSO Tittus Mendez
9. Recorded I.A. interview and transcript of Mr. Van Allen (Silver)
10. Recorded I.A. interview and transcript of Daniel Moss (Gold)
11. Recorded I.A. interview and transcript of DSO Eric Pillor
12. Recorded I.A. interview and transcript of Officer Scott McGowan
13. Dispositions/Findings regarding the Cortes Administrative Investigation.
14. Use of force training records for the last 5 years as follows:

   (a) Commission on Peace Officer Standards and Training Confidential Profile Reports for Officers McGowan, McGee, Marioni, Watson, Rice, and, Sgt. Camarena.

   (b) Santa Monica Police Department – Confidential Employee Training Reports for Officers McGowan, McGee, Marioni, Watson, Rice, and, Sgt. Camarena.

15. Taser Deployment Training records for the last 5 years as follows:

   (a) Commission on Peace Officer Standards and Training Confidential Profile Reports for Officer McGowan, and Sgt. Camarena.

   (b) Santa Monica Police Department – Confidential Employee Training Reports for Officer McGowan, and Sgt. Camarena.

STIPULATED PROTECTIVE ORDER 12-4-13.DOC

(r) This Stipulation for Protective Order is entered into without prejudice to the right of any party to waive the applicability of this Stipulation for Protective Order as to any information produced by the party. Upon the application to this Court by noticed motion, any party may:

  (i) seek additional protective treatment for any information or documents that might become the subject of discovery;

  (ii) object to the designation of any document as CONFIDENTIAL; or

  (iii) seek any modification of, or relief from, this Protective Order and such other relief as may seem appropriate. Prior to any such application, counsel shall confer to try to obtain agreement without resort to the intervention of the Court.

(s) Attorneys of the parties receiving CONFIDENTIAL documents/information shall not cause or knowingly permit disclosure of the contents of the CONFIDENTIAL DOCUMENTS beyond the disclosure permitted under the terms and conditions of this Stipulation.

(t) No document covered by this Stipulation may be used for any purpose not set forth herein, or revealed to any person not described herein, absent further order of this Court.

///
///
///
///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER 12-4-13.DOC

1     (u)    This Stipulation shall survive the termination of this action, and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the CONFIDENTIAL material disclosed pursuant to this Stipulation.

**IT IS SO STIPULATED:**

DATED: December 5, 2013        THE BECK LAW FIRM

                                               /s/Thomas E. Beck
                                      By: _____
                                      Thomas E. Beck, ESQ.
                                      Attorneys for Plaintiff
                                      DOLAN CORTES

DATED: December 5, 2013        MARSHA JONES MOUTRIE
                                      City Attorney

                                             /s/Carol Ann Rohr
                                      By:_____
                                        CAROL ANN ROHR
                                      Deputy City Attorney

                                      Attorneys for Defendants
                                      CITY OF SANTA MONICA, ERIC PILLOR, MATTHEW RICE, SCOTT McGEE, LOUIS MARIONI, LOWELL WATSON, SCOTT McGOWAN, SGT. RUDY CAMERENA, and TITTUS MENDEZ

IT IS SO ORDERED.

Dated: December 10, 2013

_Patrick J. Walsh_
U.S. MAGISTRATE JUDGE